**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **PAULA A. CAPRACOTTA,** | ) | **CIVIL ACTION NUMBER: 2:26-cv-02078-DCN** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | **(BAD-FAITH)** |
| **USAA CASUALTY INSURANCE** | ) | **(JURY TRIAL DEMANDED)** |
| **COMPANY,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

Plaintiff alleges as follows:

1.      Plaintiff is a citizen and resident of Dorchester County, South Carolina.  Upon information and belief, Defendant is an insurance company organized under the laws of the state of Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288.

2.      On September 24, 2025, Plaintiff's home located at 150 Townsend Way, Summerville, South Carolina 29483 sustained significant damage when a water heater located in the attic ruptured.

3.      At the time of this loss, Plaintiff was insured by a homeowners' Policy No. CIC 04831339590A, issued by Defendant, which specifically provided for benefits caused by accidents such as the incident which is the subject of this lawsuit.

4.    Plaintiff has filed for benefits, Claim No 048313395-801, pursuant to the previously mentioned policy; however, Defendant has refused to pay benefits.

5.    Defendant retained the services of Sedgwick to assist in adjusting the claim. After inspecting the property, Sedgwick determined Plaintiff was entitled to benefits in the amount of $14,769.61.

6.    Thereafter, Plaintiff, at her own expense, retained the services of a contractor, Josh Johnson, to inspect the property. Johnson determined the repair estimate to be $47,500.

7.    Thereafter, Defendant retained the services of an independent contractor to inspect the property. This inspector, Luxe Construction, determined the repair estimate to be $54,176.50.

8.    Defendant has refused to pay the repair estimate determined by Luxe.

9.    Defendant has refused to pay the repair estimate determined by Josh Johnson.

10.    Defendant has refused to pay any benefit, exceeding $14,769.61.

11.    As a result of the severity of the water damage, the premises are unlivable. Consequently, Plaintiff has been forced to live in short-term rentals.

12.    As a result of the water damage, personal property of the Plaintiff has been irreparably damaged. However, Defendant has made no effort to process this aspect of the claim.

### FOR A FIRST CAUSE OF ACTION
### BAD FAITH

13.    Paragraphs 1 through 12 are incorporated herein by reference.

14.    Defendant has, without just cause and in bad faith, refused to pay benefits to Plaintiff by engaging in the following conduct:

    a.    Refusing to immediately pay underinsured benefits of $100,000, the amount not being in dispute;

    b.    Extending an offer of only $99,000, the amount being substantially less than defendant's evaluation of the claim;

    c.    Processing Plaintiff's claim in an unreasonable manner;

    d.    Investigating Plaintiff's claim in an unreasonable manner;

    e.    Evaluating Plaintiff's claim in an unreasonable manner;

    f.    Failing to comply with the policies and procedures mandated by its own claims manual.

### FOR A SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

15.    Paragraphs 1 through 14 are incorporated hereby reference.

16.    Defendant has, without just cause and in bad faith, refused to pay benefits to Plaintiff, by committing the following acts:

    a.    Refusing to immediately pay underinsured benefits of $100,000, the amount not being in dispute;

b.  Extending an offer of only $99,000, the amount being substantially less than Defendant's evaluation of the claim;

c.  Processing Plaintiff's claim in an unreasonable manner;

d.  Investigating Plaintiff's claim in an unreasonable manner;

e.  Evaluating Plaintiff's claim in an unreasonable manner;

f.  Failing to comply with the policies and procedures mandated by its own claims manual.

**WHEREFORE**, Plaintiff demands judgment against Defendant for such amount of actual and punitive damages as the trier of facts shall determine, prejudgment interest, for the costs of this action, including a reasonable attorney's fee, and for such further relief as this Court deems proper.

S/JOHNNY F. DRIGGERS
JOHNNY F. DRIGGERS
108 Central Avenue, Suite 7
Post Office Box 757
Goose Creek, SC 29445
Office:  843.672.8222
Facsimile:  843.797.2114
Federal ID #606
Jayesquire@aol.com
ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

May 26, 2026